(71 Misc. Rep. 166.)

### MacLEOD v. McGUIRE et al.

(Supreme Court, Special Term, Queens County.  March, 1911.)

MUNICIPAL CORPORATIONS (§ 217*)—CIVIL SERVICE—CORONER'S PHYSICIAN.

 The question whether the position of coroner's physician of the borough of Brooklyn is a confidential one is for the determination of the municipal civil service commission, in the exercise of the judgment of such commission.

 [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 576–580;  Dec. Dig. § 217.*]

Application of Johnston MacLeod for writ of mandamus against John C. McGuire and others.  Writ denied.

Cumming & Webster (George R. Cooper, of counsel), for relator.
Archibald R. Watson (Edward S. Malone, of counsel), for respondents.

GARRETSON, J.  If the position of coroner's physician be not a confidential one, then the act of the municipal civil service commission in classifying it in the competitive class must be held to be valid. This classification involves the determination by the commission that it is practicable to determine the merit and fitness of the applicants thereto by competitive examination.  It is not in the exempt class, as specifically named in the civil service laws.  Laws of 1899, c. 370, as amended by Laws of 1900, c. 195, § 13, now Consolidated Laws 1909, c. 7.  Nor does it appear that it is impracticable to include it in the competitive class and hence that it should be included in the non-competitive class.  Id. § 17.  Having regard to the definition of the meaning of "confidential," as given by the Court of Appeals in People ex rel. Crummey v. Palmer, 152 N. Y. 217–220, 46 N. E. 328, 329, and the prescribed duties of the position as set forth in section 1773, c. 410, of the Laws of 1882, being the "Consolidation Act," it cannot well be said, as a matter of law, that the commission had not the power to make the classification which it has made.  Besides, whether the position should be classified as competitive or noncompetitive rested in the exercise of the judgment of the commission.  As was said by Chief Judge Cullen in People ex rel. Schau v. McWilliams, 185 N. Y. 92, 77 N. E. 785:

"Where the position is one as to the proper mode of filling which there is fair and reasonable ground for difference of opinion among intelligent and conscientious officials, the action of the commission should stand, even though the courts may differ from the commission as to the wisdom of the classifica-

---

tion. * * * We ought not to interfere with the determination of the commissioners that it should be filled by competition; and if they had decided that the position should be filled without competition, equally ought we to refrain from interference. The position lies in that field where the action of the commission should be final."

I am of the opinion that the relator has not just ground for complaint against the defendants, that he has not shown a clear legal right to the writ, and that his motion should be denied.

Motion denied, with $30 cost.

Motion denied.